Aaron D. Goldstein (SBN 060643)
goldstein.aaron@dorsey.com
Benjamin D. Greenberg (SBN 182745)
greenberg.ben@dorsey.com
Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
(206) 903-8820 *[FAX]*

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE BURKHART DENTAL SUPPLY CO., a Washington Corporation,, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW HOERTSCH, an individual, <br><br> Defendant. | Civ. No. <br><br> COMPLAINT FOR VIOLATION OF THE DEFEND TRADE SECRETS ACT, BREACH OF CONTRACT, UNFAIR COMPETITION, MISAPPROPRIATION OF TRADE SECRETS, AND INJUNCTIVE AND OTHER RELIEF <br> (28 U.S.C. § 1331) |

Plaintiff The Burkhart Dental Supply Company ("Burkhart") hereby files this Complaint against Defendant Matthew Hoertsch ("Hoertsch").

## I.    PARTIES

1.    Plaintiff Burkhart is a Washington corporation with its principal place of business in Tacoma, Washington. Burkhart operates an office in Portland, Oregon.

COMPLAINT - 1 -
Civ. No.

Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

4885-5791-0320\8

2.      On information and belief, Defendant Hoertsch is an individual residing in Pleasant Hill, Oregon.

## II.    JURISDICTION AND VENUE

3.      This is a civil action under the Defend Trade Secrets Act ("DTSA") (18 U.S.C. §§ 1836 *et seq.*), the Oregon Uniform Trade Secrets Act, and for breach of contract and unfair competition.

4.      This Court has original jurisdiction over the DTSA claim under 28 U.S.C. §§ 1331. The state law and common law claims asserted herein are so related to the DTSA claim over which this Court has original jurisdiction as to form part of the same case or controversy. All of Burkhart's claims in this matter stem from Hoertsch's misappropriation of Burkhart's confidential financial information and use of such information to improperly solicit Burkhart employees. This Court therefore has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related common law and state law claims asserted herein.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) it is a judicial district in which Defendant Hoertsch resides and (ii) it is a judicial district in which a substantial part of the events or omission giving rise to the claim occurred.

## III.    FACTS

A.    **Burkhart's Development of Confidential Trade Secret Information**

6.      Burkhart is a full service dental supply company that has been servicing dentists in all aspects of their practice for approximately 133 years. Burkhart supports dentists by providing technology solutions, equipment, repair, maintenance, supplies, consulting, and continuing education. Although Burkhart serves dentists in over 15 states throughout the country, its largest customer bases are in Washington and Oregon.

7.      Burkhart maintains confidential company information that is not generally known to the public, such as: customer lists, customer product purchasing histories, customer contact

COMPLAINT - 2 -
Civ. No.

Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

4885-5791-0320\8

information, compilations of customer information, product information, sales manuals and training, prospect lists, marketing strategies and methods of operations, pricing information, sales commission reports, company sales targets, and data showing Burkhart's performance against its sales targets.  Burkhart's business and profitability depend to a significant degree on such confidential information remaining confidential and proprietary to Burkhart.  Burkhart has and continues to invest considerable time and resources into developing this confidential information.

8. Burkhart takes substantial efforts to protect its trade secret information, including storing such information on secure and password protected servers and limiting who has access to its trade secret information within the company.

**B.    Hoertsch Executes a Nondisclosure Agreement Protecting Burkhart's Confidential and Trade Secret Information**

9. On or about November 14, 2007, Defendant Hoertsch was hired by Burkhart as a sales representative and entered into a Nondisclosure and Noncompetition Agreement (the "Nondisclosure Agreement") with Burkhart.

10. Pursuant to the Nondisclosure Agreement, Hoertsch promised that he "shall not, during or after the term of employment, in whole or in part, directly or indirectly, disclose Trade Secret or other confidential Information to any person, firm, corporation, association or other entity for any reason or purposes whatsoever" and that he shall not "make use of any Confidential Information for [his] own purposes or for the benefit of any person, firm, corporation or other entity … under any circumstances during or after the termination of employment."

11. Hoertsch further promised in the Nondisclosure Agreement that "[u]pon termination of employment and at any time at the Company's request, Employee shall promptly

COMPLAINT - 3 -
Civ. No.

4885-5791-0320\8

*Dorsey & Whitney LLP*
*Columbia Center*
*701 Fifth Avenue, Suite 6100*
*Seattle, WA 98104*
*(206) 903-8800*

return to a representative of the Company all materials and all copies of materials involving any Confidential Information in the Employee's possession or control."

**C.      Hoertsch's Employment with Burkhart Ends. Hoertsch Misappropriates Burkhart's Trade Secrets to Solicit Burkhart Employees.**

12. Hoertsch's employment with Burkhart terminated on July 29, 2020. Following the termination of his employment, Hoertsch accepted employment with a direct competitor of Burkhart, Henry Schein, Inc., who offers similar products and services to those offered by Burkhart to dental customers in Oregon and throughout the United States.

13. Since leaving Burkhart, Hoertsch has engaged in a campaign of disparagement against Burkhart and its leadership. Hoertsch has sent numerous text messages to current Burkhart employees encouraging them to leave the company.

14. On July 27, 2022, Hoertsch sent a text message to a current Burkhart employee encouraging that employee leave Burkhart. Among the text messages Hoertsch sent to the current Burkhart employee encouraging that employee to leave was a screenshot of a file containing confidential and trade secret information regarding Burkhart's sales, its financial targets, and its performance against those targets.

15. The file Hoertsch sent to the Burkhart employee was prepared by and for Burkhart's executive team and a select group of other Burkhart employees. Only a selected group of Burkhart employees are allowed access to the financial information contained in the file and the financial information contained in the file is password protected and stored on a secure server. The file Hoertsch shared with the Burkhart employee is likewise accessible only by a select number of employees within the Company.

16. The file Hoertsch shared with the Burkhart employee contains confidential information regarding Burkhart's sales performance and sales objectives. With the information found in the file Hoertsch shared with the Burkhart employee, a competitor could determine

COMPLAINT - 4 -
Civ. No.

Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

4885-5791-0320\8

which geographic markets Burkhart is planning to invest in and how Burkhart's investments in those markets are performing. Such information would provide a competitor with an unfair advantage in soliciting Burkhart customers and employees by, for example, referencing which markets Burkhart planned to invest more or less heavily in.

17. Hoertsch utilized the confidential information in the report he sent to a current Burkhart Employee to try to convince that employee to leave Burkhart. Immediately before texting the confidential report to the current Burkhart employee, Mr. Hoertsch texted the current Burkhart employee the following statement: "I know something you dont [sic]. everything I have said has been true. You need to leave." Hoertsch thereby utilized Burkhart trade secret information to try to convince the current Burkhart employee to leave the company.

18. As a former Burkhart employee, Hoertsch was and is aware that the information he texted to the current Burkhart employee was and is highly confidential.

19. Upon information and belief, Hoertsch has retained and misused other pieces of confidential financial information belonging to Burkhart to, among other things, improperly solicit Burkhart customers and employees.

## IV.   CAUSES OF ACTION

**Count 1:  Misappropriation of Trade Secrets Under the Federal Defend Trade Secrets Act**

20. Burkhart realleges Paragraphs 1 through 19 of the Complaint as if fully set forth here.

21. The information Hoertsch used to solicit a current Burkhart employee is the type of sensitive financial information that is protectable as a trade secret because it is confidential financial information that a competitor could use to unfairly solicit Burkhart customers and employees and to gain unfair insight into Burkhart's sales strategies and performance.

22. As described above, Burkhart takes substantial efforts to keep the information Hoertsch used to solicit a current Burkhart employee secret, such as storing such information on

COMPLAINT - 5 -
Civ. No.

Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

4885-5791-0320\8

password protected servers and significantly restricting the number of people who have access to such information.

23. The information Hoertsch used to solicit a current Burkhart employee is, in fact, a secret because it is not publically available information and is known to only a select group of people within Burkhart.

24. The information Hoertsch used to solicit a current Burkhart employee derives actual independent economic value because it is not known or ascertainable through proper means and has independent economic value to competitors in Burkhart's industry because it can easily be used by competitors to determine where Burkhart intends to engage in substantial business activity and to make claims to Burkhart employees and Burkhart customers regarding Burkhart's business performance and investment in various geographic markets.

25. Hoertsch remains under a duty and obligation pursuant to the Nondisclosure Agreement not to use or disclose Burkhart's trade secrets.

26. Hoertsch has used, and upon information and belief, will continue to use, Burkhart's trade secret information without Burkhart's consent, which has damaged, and will irreparably harm, Burkhart.

27. Hoertsch's misappropriation of Burkhart's trade secrets was accomplished through improper means, including, without limitation, a breach of his duty to maintain secrecy.

28. Hoertsch's actions as described herein constitute misappropriation within the meaning of the DTSA, 18 U.S.C. § 1839(5).

29. Hoertsch's actions have caused and will continue to cause damage to Burkhart and, unless restrained, will further damage Burkhart, the nature and extent of which may not be able to be proved with certainty, irreparably injuring Burkhart, leaving it without remedy at law.

30. Preliminary and permanent injunctive relief are necessary to prevent further irreparable harm and further disclosure of Burkhart's trade secrets.

COMPLAINT - 6 -
Civ. No.

Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

4885-5791-0320\8

31. Because Hoertsch knew the information was highly confidential and that Burkhart takes significant efforts to maintain such confidentiality, and because Hoertsch used that information to improperly solicit a Burkhart employee to leave Burkhart in the context of disparaging Burkhart and its leadership, Hoertsch willfully and maliciously misappropriated Burkhart's trade secrets in violation of the DTSA, entitling Burkhart to exemplary damages.

### Count 2:  Breach of Contract

32. Burkhart realleges Paragraphs 1 through 31 of the Complaint as if fully set forth here.

33. As set forth above, Defendant Hoertsch signed the Nondisclosure Agreement on or about November 14, 2007.

34. Defendant Hoertsch breached the Nondisclosure Agreement by disclosing trade secret and other confidential information for his own purposes against the interests of Burkhart in an attempt to convince a current Burkhart employee to leave the Company and/or to otherwise disparage Burkhart.

35. On information and belief, Defendant Hoertsch has further breached the Nondisclosure Agreement by utilizing Burkhart's trade secret and other confidential financial information to solicit other current Burkhart employees and Burkhart customers.

36. Through the conduct described herein and otherwise, Defendant Hoertsch has breached his obligations under the Nondisclosure Agreement.  As a result, Defendant Hoertsch has caused, continues to cause, and threatens to cause further substantial damage to Burkhart, including through the potential loss of employee relationships, goodwill, confidential information, as well as revenues.  Unless restrained by this Court, his unlawful conduct threatens to cause Burkhart further irreparable harm, including the undermining and jeopardizing of valued employee relationships, many of which have been cultivated by Burkhart over many years.

37. Burkhart is without an adequate remedy at law.

COMPLAINT - 7 -
Civ. No.

*Dorsey & Whitney LLP*
*Columbia Center*
*701 Fifth Avenue, Suite 6100*
*Seattle, WA 98104*
*(206) 903-8800*

4885-5791-0320\8

38. Pursuant to the Nondisclosure Agreement, Burkhart is entitled to recover its costs of suit, including its reasonable attorney's fees.

### Count 3:  Unfair Competition

39. Burkhart realleges Paragraphs 1 through 38 of the Complaint as if fully set forth here.

40. In soliciting Burkhart employees using Burkhart trade secret and confidential information, Defendant Hoertsch has utilized Burkhart's confidential and proprietary information, including its highly confidential financial information.

41. As a consequence of such unlawful conduct by Hoertsch, Burkhart has suffered and will continue to suffer irreparable harm and damages.  Hoertsch has caused, continues to cause, and threatens to cause, further substantial damage to Burkhart, including through the potential loss of employee relationships, goodwill, confidential information, as well as revenues. Unless restrained by this Court, Hoertsch's unlawful conduct threatens to cause Burkhart further irreparable harm, including the undermining and jeopardizing of valued employee relationships.

### Count 4:  Misappropriation of Trade Secrets Under Oregon's Uniform Trade Secrets Act

42. Burkhart realleges Paragraphs 1 through 41 of the Complaint as if fully set forth here.

43. Burkhart has dedicated significant time and resources to the development of its proprietary and confidential financial information, as described above.

44. Burkhart's confidential and proprietary customer information constitute trade secrets under ORS 646.461(4), in that such matters are sufficiently secret to derive value from not being generally known to other persons, and are subject to reasonable efforts to maintain their secrecy and confidentiality.

45. Defendant Hoertsch has misappropriated Burkhart's confidential and proprietary customer information by, among other means, sending said information from his personal phone

COMPLAINT - 8 -
Civ. No.

Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

4885-5791-0320\8

to one or more Burkhart employees in an attempt to convince those Burkhart employees to quit their employment with Burkhart.

46. Hoertsch has misappropriated Burkhart's trade secrets. This conduct is willful and malicious in that Hoertsch knew the information he used to solicit Burkhart employees is highly confidential and because he took Burkhart's information without Burkhart's consent. Therefore, Burkhart is entitled to attorney's fees under ORS 646.467(3).

47. Hoertsch's conduct has caused Burkhart substantial and irreparable harm, including the undermining and jeopardizing of valued employee relationships. Defendant's conduct threatens Burkhart with additional substantial and irreparable harm.

48. Burkhart is without an adequate remedy at law.

49. In addition to an injunction, Burkhart is entitled to damages for all losses caused by the misappropriation plus all unjust enrichment caused by such misappropriation under ORS 646.465(1)-(2). If Burkhart cannot prove damages by a preponderance of the evidence, Burkhart is owed a reasonable royalty from Defendant for amounts he derives from the use of Burkhart's trade secrets.

### Count 5:  Injunction

50. Burkhart realleges Paragraphs 1 through 49 of the Complaint as if fully set forth here.

51. Hoertsch's ongoing invasion of Burkhart's clear legal and equitable rights has already and will continue to result in actual and substantial irreparable injury to Burkhart.

52. Burkhart is also entitled to an injunction under the Federal Defend Trade Secrets Act and under ORS 646.463 for the misappropriation of trade secrets.

53. As a result of the foregoing, Burkhart is entitled to injunctive relief against Hoertsch with respect to the causes of action set forth herein.

COMPLAINT - 9 -
Civ. No.

*Dorsey & Whitney LLP*
*Columbia Center*
*701 Fifth Avenue, Suite 6100*
*Seattle, WA 98104*
*(206) 903-8800*

4885-5791-0320\8

## V. PRAYER FOR RELIEF

Burkhart, therefore, respectfully requests that this Court enter judgment in its favor and against Defendant Hoertsch, awarding the following relief:

(a) a preliminary and permanent injunction prohibiting Hoertsch from retaining any Burkhart confidential information;

(b) a preliminary and permanent injunction requiring Defendant Hoertsch be required to immediately return to Burkhart all Burkhart financial and other confidential information, whether original, duplicated, computerized, handwritten, or in any other form whatsoever;

(c) damages, in an amount to be proven at trial;

(d) Burkhart's attorney's fees and costs of this action under ORS 646.467(3) and/or pursuant to the terms of the Nondisclosure Agreement;

(e) exemplary damages and attorney's fees and costs pursuant to the Federal Defend Trade Secrets Act; and

(f) such other relief as this Court deems just and proper.

DATED this 2nd day of September, 2022.

By: */s/ Benjamin D. Greenberg*
Aaron D. Goldstein, OSB #060643
goldstein.aaron@dorsey.com
Benjamin D. Greenberg, OSB #182745
greenberg.ben@dorsey.com
Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
(206) 903-8820 *[FAX]*

*Attorneys for Plaintiff The Burkhart Dental Supply Company*

COMPLAINT - 10 -
Civ. No.

*Dorsey & Whitney LLP*
*Columbia Center*
*701 Fifth Avenue, Suite 6100*
*Seattle, WA 98104*
*(206) 903-8800*

4885-5791-0320\8